UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN OKOYE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>    Defendants. | Case No. 17-cv-00668-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 19 |

Before the Court is Plaintiff's Motion to Remand this case to the Superior Court of the State of California, San Francisco County ("State Court"). ECF No. 19. Defendants Bristol-Myers Squibb Company and AstraZeneca Pharmaceuticals LP oppose the motion. ECF No. 20. The Court will grant the motion.

## I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff initially brought this action in State Court, alleging that Saxagliptin, a prescription drug under the brands Onglyzga and Kombiglyze XR, caused heart failure, congestive heart failure, cardiac failure, death from heart failure, and other serious conditions to users who suffer from Type 2 diabetes, due to their increased cardiovascular risk. ECF No. 1-1 at 11-12. Plaintiff alleges that Defendants, in concert with McKesson Corporation ("McKesson"), were involved with aspects of bringing Saxagliptin to market, including, but not limited to, the manufacturing, marketing, and distribution of the prescription drug. Id. at 9-10. Both Plaintiff and McKesson are residents of California for jurisdictional purposes. Id. at 9-10.

In October 2016, the State Court dismissed several plaintiffs on grounds of forum non conveniens. Id. at 449-452. Subsequently, Defendants submitted an interrogatory request to Plaintiff concerning McKesson's involvement in his claim. ECF No. 2 at 37-45. In response to

Interrogatory No. 8, Plaintiff stated "that he filled prescriptions for Onglyza at Uptown Drug, 444 S. Flower Street, Suite 100, Los Angeles, CA 90071," and he did not "identify any other pharmacies at which he filled prescriptions for Onglyza." ECF No. 3 at 2. Based on this response, Defendants removed the action to federal court pursuant to 28 U.S.C. § 1446(b)(3) on the grounds that the Court had subject matter jurisdiction based on the complete diversity of parties. ECF No. 1. Defendants allege that "Plaintiff lacks a factual or legal basis to recover against McKesson because McKesson did not distribute Onglyza to the pharmacy from which Plaintiff John Okoye alleges he obtained the Onglyza that he ingested," and therefore McKesson was fraudulently joined to destroy complete diversity. Id. at 3. Plaintiff disagrees, and on March 10, 2017 filed a motion to remand. ECF No. 19.

## II. LEGAL STANDARD

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by a defendant ... to [a] federal district court." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). There is a strong presumption against removal. Id. "'[T]he defendant always has the burden of establishing that removal is proper.'" Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting Gaus, 980 F.2d at 566).

Federal court jurisdiction based on 28 U.S.C. § 1332 requires complete diversity of citizenship between the parties. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Complete diversity exists only when no defendant is a citizen of the same state as any plaintiff. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). A court should remand a case if a defendant is "fraudulently joined." Morris, 236 F.3d 1067-1068. "Fraudulent joinder is a term of art." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. "[A] non-diverse

defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011) (citing Kruso v. Int'l Tel. & Tel. Corp., 972 F.2d 1416, 1426 (9th Cir.1989)). The party alleging fraudulent joinder carries a "heavy burden" of demonstrating by clear and convincing evidence that the non-diverse party has been joined fraudulently. Hamilton Materials, Inc. v. Down Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). The defendant seeking removal to the federal court is entitled to present facts showing the joinder is fraudulent, including facts and depositions outside the complaint. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998), citing McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

## III. DISCUSSION

It seems clear from the evidence before the Court that McKesson did not sell the Saxagliptin that caused Plaintiff's harm, although Plaintiff has not had an opportunity to cross-examine that evidence.[1] Unless Plaintiff finds additional evidence, it therefore seems unlikely that Plaintiff can recover on any theory requiring fault.[2] Nonetheless, the Court agrees with the Plaintiff that Defendants have failed to carry their heavy burden of establishing fraudulent joinder, because Plaintiff may still be able to bring an action against McKesson for strict liability under California law. ECF No. 19-1 at 6, 14-18.

---

[1] McKesson's Director of Operations prepared a declaration for this action in which he avers that McKesson did not distribute Onglyza to the pharmacy where Plaintiff bought the Saxagliptin that allegedly caused him harm. ECF No. 3 at 2 ("McKesson did not sell any drugs, including but not limited to Onglyza, to Uptown Drug, 444 S. Flower Street, Suite 100, Los Angeles, CA 90071 at any time.").

[2] Defendants argue that this case is similar to Tucker v. McKesson Corp., No. C 10-2981 SBA, 2011 WL 4345166, at *3 (N.D. Cal. Sept. 14, 2011). There, the court found remand improper because McKesson provided evidence that it did not distribute the drug in question to the pharmacy where the plaintiff had purchased the drug. Tucker is distinguishable, however, because in that case the plaintiff brought a product liability claim and a wrongful death claim, but paid only lip service to a claim against McKesson as a national distributor. Id. at *1. Both of the plaintiff's adequately pleaded claims in Tucker thus required a showing of fault. Conversely, strict liability imposes liability "without reference to fault." Bostick v. Flex Equip. Co., 147 Cal. App. 4th 80, 88, 54 Cal. Rptr. 3d 28, 35 (2007).

3

The Court may find fraudulent joinder when the failure to state a cause of action is "obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). In a product liability action in California, "every supplier in the stream of commerce or chain of distribution, from manufacturer to retailer, is potentially liable." Edwards v. A.L. Lease & Co., 46 Cal. App. 4th 1029, 1033-34 (Cal. Ct. App. June 24, 1996); see also Mendez v. AstraZeneca Pharm. LP, No. 1:12-CV-00535-LJO, 2012 WL 1911382, at *2 (E.D. Cal. May 25, 2012), citing Bostick v. Flex Equip. Co., Inc., 147 Cal.App.4th 80, 88, 54 Cal.Rptr.3d 28 (2007). "A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 62 (1963).

Remand is a simple question in product liability suits where the plaintiff knows or has reason to believe that a defendant distributed the prescription drug that caused the harm. See Zachman v. Johnson & Johnson, No. 15-CV-04285-RS, 2015 WL 7717190, at *4 (N.D. Cal. Nov. 30, 2015) (finding that the plaintiff sufficiently alleged a distributor distributed the drug he ingested by showing that the distributor distributed to the Rite Aid where plaintiff filled his prescription); Abernathy v. Johnson, No. 16-CV-00202-TEH, 2016 WL 827370, at *2 (N.D. Cal. Mar. 3, 2016) (finding that plaintiff had sufficiently joined McKesson as a defendant based on evidence that she had purchased the drug in question from an undisclosed pharmacy in an area where McKesson distributed its product); D.A. ex rel. Wilson v. McKesson Corp., No. 1:13-CV-01700-LJO, 2014 WL 202738, at *5 (E.D. Cal. Jan. 17, 2014) ("Thus, the allegation that McKesson distributed the drug at issue, based upon information and belief, is sufficient."); J.F. ex rel. Moore v. McKesson Corp., No. 1:13-CV-01699-LJO, 2014 WL 202737, at *5 (E.D. Cal. Jan. 17, 2014) (holding that a complaint was sufficiently alleged based on facts to be obtained).

California law, however, is unsettled on the question of whether a plaintiff may bring a strict liability action against a distributor who is not part of the specific vertical chain of distribution that provided a plaintiff with the product that caused her harm. In Buck v. McKesson Corp., No. 13CV2541 JLS (RBB), 2014 WL 12514793, at *3 (S.D. Cal. July 29, 2014), the court remanded an action against McKesson where McKesson could not have distributed the drug the

4

plaintiff ingested because the defendant "nonetheless failed to show that [p]laintiffs' claims [were] obviously without merit under California law, such that they would be dismissed without leave to amend." Id. The court noted that California law extends strict liability "to non-manufacturing parties outside the vertical chain of distribution of a product that play an integral role in the producing and marketing enterprise of a defective product and that profit from placing the product into the stream of commerce." Id. at *2 (citing Bay Summit Cmty. Ass'n v. Shell Oil Co., 59 Cal. Rptr. 2d 322, 328 (1996)). Therefore, despite legitimate concerns raised by the defendant as to the merits of the plaintiffs' action, the court remanded because the issue was better decided by the state court in the first instance. Id. at *3.

In this case, Defendants and Plaintiff disagree as to whether McKesson actually distributed the drug that Plaintiff ingested. ECF No. 20 at 5-6. Even crediting McKesson's evidence, however, it does not directly follow that McKesson has been fraudulently joined. As in Buck, Plaintiff asserts that McKesson, along with the other Defendants, acted in concert in California to distribute, market, sell, and promote the prescription drug. ECF No. 19-1 at 12. Defendants do not contest that McKesson participated in the stream of commerce that brought Saxagliptin to the market, albeit under a different brand, Onglygza. See ECF No. 20. It remains unclear whether a California court would allow Plaintiff to bring a strict liability action against McKesson for its role in the stream of commerce of the distribution of Saxagliptin, despite strong evidence it did not distribute the prescription drug the plaintiff ingested. "'[T]hat a defendant might be dismissed, particularly after a close call in an evolving area of state law, does not mean that the defendant was fraudulently joined.' Rather, these are 'complex issues of state law' that should be decided in the first instance by state, not federal, courts." Buck, 2014 WL 12514793, at *3 (quoting W.W. v. McKesson Corp., Case No. SACV 13-1649 AG (DFMx), 2014 WL 12577143, at *3 (Jan. 31, 2014)).

This Court agrees that Defendants have "fail[ed] to show that . . . all of [Plaintiff's] claims would be dismissed without leave to amend." Buck, 2014 WL 12514793, at *2. Thus, Defendants have failed to carry their heavy burden and the Court will remand the action.

**CONCLUSION**

The motion to remand is granted. The Court remands this action to the Superior Court of California for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: April 24, 2017

_____
JON S. TIGAR
United States District Judge